## CHAPPELL *v.* UNITED STATES.

*(Circuit Court, D. Maryland.* April 19, 1888.)

1. COURTS—FEDERAL CIRCUIT COURTS—CLAIMS AGAINST UNITED STATES—EMINENT DOMAIN.

Under act of March 3, 1887, c. 359, the circuit court has jurisdiction of a claim exceeding $1,000, for compensation to the owner of land, who, by command of the light-house board, under authority of congress has been prevented from making use of his land lying between two range lights, the use intended by him being one which would have obstructed the lights. Such a restriction upon the use of private property, if authorized by the United States, entitles the owner to compensation.

2. SAME—PLEADING.

The act of congress of March 3, 1887, c. 359, having given jurisdiction to the circuit court of all claims against the United States exceeding $1,000, founded upon contracts, express or implied, or for damages, liquidated or unliquidated, in cases not sounding in tort, if the facts alleged in claimant's petition show that the claim is not founded upon torts of officers of the government, but on acts of theirs which were authorized by legislation of congress, it is immaterial whether the petition claims compensation as upon an implied contract or as for damages. If the facts alleged show a case for compensation, the court is to give judgment upon the facts and the law, and without regard to forms of action.

*(Syllabus by the Court.)*

At Law. Action for compensation for use of land. On demurrer.

*F. P. Stevens,* for plaintiff.

*Thomas G. Hayes,* U. S. Dist. Atty., for defendant.

MORRIS, J. This is a suit against the United States under act of March 3, 1887, to recover compensation exceeding $1,000 for the use of plaintiff's land at Hawkins' point, on the Patapsco river. The nature of the case upon which the plaintiff's claim is based is this: The United States light-house board by authority of congress, and with money appropriated by congress for that purpose, has erected two light-houses,— one in the water at Hawkins' point, in front of the shore of plaintiff's land, and the other on Leading point, about one mile back in a northwesterly direction, upon land of some one else other than the plaintiff. They are range lights to enable vessels to direct their course, so as to keep in the Brewerton channel as excavated by the United States, when coming up or going down the river to and from the port of Baltimore. For that use it is requisite that there should be no intervening object between the light-houses; the intention being that when a vessel is on her true course in the channel the rear light on Leading point shall, in the night-time, be seen in a line with and directly above the front light on Hawkins' point, and similarly in the day-time the signal balls shall be so seen. The land of the plaintiff in respect of which he claims compensation lies between the two lights and is used by him, according to his petition, as a site for buildings for manufacturing purposes. He claims that the United States has required of him that so much of his land as lies within the range between the two light-houses, and for a space not

less than 60 feet in width, shall remain unobstructed by buildings, and that he has been prevented by the United States from erecting buildings upon, and from using, that portion of his land, and that the United States has used it in the manner aforesaid. The district attorney of the United States has demurred to this petition, and contends—*First*, that the plaintiff has not alleged facts from which a contract; express or implied, on the part of the United States to pay for the use of the land can be deduced; and, *secondly*, that the mere passing of light across the plaintiff's land cannot be held to be a use of it; and that, if the plaintiff yielded to the direction of the officers of the light-house board, not to obstruct the line of range, he voluntarily consented to do what the officer could not have required him to do, and has no remedy at law. With regard to the first contention in support of the demurrer, it is to be noticed that the act of March 3, 1887, gives to the circuit court jurisdiction of all claims founded upon the constitution of the United States, or any law of congress, or upon any regulation of any executive department, or upon any contract, express or implied, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States in a court of law, equity, or admiralty, if the United States were suable. Under this law, which is broader in its terms than that by which heretofore claims against the United States were cognizable in the court of claims, if the plaintiff has suffered damage by being prevented from using his land, and he has properly stated his case, and that case as stated is not one sounding in tort, we do not see that upon the ground of jurisdiction his petition is demurrable. If the erection of the light-houses, and the establishment of the range beacons, and the restriction put upon the plaintiff not to erect structures on his own land which would obstruct the range was not done by lawful authority of the United States, then, of course, those who interfered with the plaintiff were wrong-doers, and their acts tortious. But this is not the issue raised by the demurrer, or contended in argument. It is not suggested that the beacons were not located and maintained by authority of congress. It is not denied, as the petition is now amended, that the land is the private property of the plaintiff. It is not denied that the obstruction which would have resulted from the plaintiff building upon his land between the beacons would have defeated the lawful purpose of the United States, and would have endangered the safety of vessels using the channel, which congress had directed should be deepened, and should be marked by range beacons. These being the facts, it would seem clear that in requiring that the beacons should remain unobstructed, and in requiring that the plaintiff should desist from building on his intervening land, the officers of the light-house board were doing a lawful and authorized act, and one necessarily involved in the direction by congress that the board should erect and maintain the range beacons. It cannot be said, therefore, that their act was tortious. And we think it follows that, if the plaintiff, by submitting to their lawful commands, consented to a restriction upon the free use of his property which entailed damage or loss upon him, there is no obstacle in the ju-

risdiction of the court to his recovery. In the case of *U. S. v. Manufacturing Co.*, 112 U. S. 645, 5 Sup. Ct. Rep. 306, the supreme court distinctly held that where, pursuant to an act of congress, private property has been taken for public use by officers of the government, there is an implied obligation upon the government to make compensation to the owner, and although the taking be irregular, and might have been enjoined, that the claimant could waive his right to resist the officers of the government, and, electing to regard their action as lawful, might sue in the court of claims for just compensation. We are of opinion that the amended petition does state a case from which a promise to make compensation may be implied, or at any rate it states a case not sounding in tort, entitling the plaintiff to recover any damages he may be able to prove have been sustained by him.

These considerations are also applicable to the second contention, viz., that the mere passing of light across the plaintiff's land in the nighttime, or the mere exhibiting range signals in the day-time to be seen across it, is not a use of land for which compensation can be recovered. In our judgment it is immaterial whether the suit is to be considered as one for use and occupation of land by the United States, or for damages resulting from the prevention of plaintiff's use of his own land. Section 5 of the act of March 3, 1887, c. 359, provides that the plaintiff shall bring his suit by petition, and shall set forth "the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or other thing claimed, or the damages sought to be recovered, and praying the court for a judgment or decree upon the facts and the law." The form of action is not, therefore, material, and such a petition is not demurrable if it sets forth facts from which a contract may be implied, or if it alleges lawful and authorized acts of the government, not torts of its agents, upon which an obligation to pay damages may be sustained.

The demurrer is overruled.