HOLMES et al. v. UNITED STATES.

(District Court, D. Connecticut. February 5, 1897.)

JURISDICTION OF COURTS — CLAIMS AGAINST UNITED STATES — CANCELLATION OF JUDGMENT LIEN.

> Chapter 359, Acts 1887 (Supp. Rev. St. p. 559), giving the court of claims and district courts jurisdiction to hear and determine claims against the United States, does not authorize those courts to entertain a petition to cancel a judgment lien alleged to have been unlawfully placed upon the property of the petitioners by an officer of the United States in an attempt to enforce a judgment recovered by the United States.

Henry G. Newton, for complainants.
Chas. W. Comstock, Asst. U. S. Atty.

TOWNSEND, District Judge. In equity. The petition herein alleges that prior to December 16, 1889, the attorney for the United States for this district obtained a judgment against one Rocco Calvello as surety on a bond, and on said day filed a judgment lien on certain real estate in said district, in which said Rocco Calvello had never had any interest, except a tenancy by curtesy as the husband of Mary Calvello, then deceased, who had owned the same in fee; that said interest was not then liable to attachment or execution; and that these petitioners are, respectively, the owners, mortgagor, and mortgagee of said real estate. They pray, either that said lien may be adjudged void and may be canceled, or that "a decree may be made that unless the United States of America pay to the petitioners the amount due to them upon said mortgages, within such reasonable time as this court may limit, said United States of America be foreclosed of any right or equity to redeem said mortgaged premises." To this petition the attorney for the United States has filed a plea claiming that this court has no jurisdiction to grant such relief. The argument of counsel for the petitioners is based upon chapter 359 of the Acts of 1887 (Supp. Rev. St. p. 559), which provides that the court of claims and the district court shall have jurisdiction to hear and determine "claims founded upon the constitution of the United States or any law of congress, except for pensions, or upon any regulation of an executive department, or upon any contract, expressed or implied, with the government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable." Counsel for the petitioners claims that this statute is a remedial one, intended to confer jurisdiction upon this court in all cases other than those sounding in tort, and that this lien is an attempt on the part of the United States to enforce the contract upon which the judgment was obtained.

It is unnecessary to consider all the jurisdictional questions raised by counsel for the United States. The jurisdiction of this court is defined and limited by the federal constitution and laws. It cannot entertain suits against the United States except in cases

where jurisdiction is conferred by statute. These claims are not "for damages liquidated or unliquidated in cases not sounding in tort in respect of which claims the party would be entitled to redress against the United States if it were suable." No damages are claimed. It does not appear that any have been suffered. Even if these claims could be considered as claims for damages, this would not help the petitioners. The damages suffered, if any, arise, not from the lawful appropriation of the property by the United States for their use, but in the unlawful imposition of a void lien upon said property. That the United States are not liable on an implied assumpsit for the tortious acts of their officers committed while in their service, and for their benefit, is well settled. Gibbons v. U. S., 8 Wall. 269; Carpenter v. U. S., 45 Fed. 342. Upon the pleadings herein, it appears that the United States have no lien upon the property in question. It does not appear that they either authorized or have ratified the unlawful act. In these circumstances, none of the cases cited by counsel for the petitioners support their claim. In U. S. v. Palmer, 128 U. S. 262, 9 Sup. Ct. 104, the United States were held liable for the use of a patent under a license from the patentee on the express ground that a contract was implied from the license and use. In U. S. v. Great Falls Manuf'g Co., 112 U. S. 645, 5 Sup. Ct. 306, it was held that the United States might be held upon an implied contract to pay for private property appropriated by authority of act of congress for a public use. In Chappell v. U. S., 34 Fed. 673, the decision is expressly based on the above rule. If it had been therein decided, as the petitioner claims, that where "officers of the United States unlawfully, but in the exercise of their duty, prevented the plaintiff from using his land," the United States would be liable, such decision would be contrary to the law as laid down in Gibbons v. U. S., supra, and other cases. In Belknap v. Schild, 161 U. S. 17, 16 Sup. Ct. 443, the supreme court defines the line between the two classes of cases. It says:

"The United States, by successive acts of congress, have consented to be sued upon their contracts, either in the court of claims, or in a circuit or district court of the United States. * * * But the United States have not consented to be liable to suits, founded in tort, for wrongs done by their officers, though in the discharge of their official duties."

There are two answers to the further claim of counsel for the petitioners that in cases of tort the party may waive the tort and claim under an implied contract. The first is found in the fact that they have not done so. In Schillinger v. U. S., 155 U. S. 169, 15 Sup. Ct. 85, the court says:

"If it be said that a party may sometimes waive a tort and sue in assumpsit, as on an implied promise, it is technically a sufficient reply to say that these claimants have not done so. They have not counted on any promise, either express or implied."

The second answer is that the rule does not apply to this kind of a case.

"The United States cannot be sued in their own courts without their consent, and have never permitted themselves to be sued in any court for torts committed

in their name by their officers. Nor can the settled distinction in this respect between contract and tort be evaded by framing the claim as upon an implied contract. * * * An action in the nature of assumpsit, for the use and occupation of real estate, will never lie where there has been no relation of contract between the parties, and where the possession has been acquired and maintained under a different or adverse title, or where it is tortious, and makes the defendant a trespasser. * * *" Hill v. U. S., 149 U. S. 598, 13 Sup. Ct. 1011.

The case is a hard one, and I have no doubt that, upon presentation of satisfactory proof of the facts alleged to the proper department, it will grant the appropriate relief. The petition is dismissed.